# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MCF LIMITED PARTNERS, | |
| Plaintiff, | CIVIL ACTION NO. 3:12-CV-2530 |
| v. | (JUDGE CAPUTO) |
| SENECA SPECIALTY INSURANCE COMPANY, | |
| Defendant. | |

## **MEMORANDUM**

Presently before the Court is the Notice of Removal by Defendant Seneca Specialty Insurance Company ("Seneca"). (Doc. 1.) Because the Notice of Removal fails to establish that this Court has subject matter jurisdiction over the action, it will be remanded to state court unless Seneca can show that diversity jurisdiction is proper.

## **I. Background**

Plaintiff MCF Limited Partners ("MCF") originally filed this action in the Court of Common Pleas of Lackawanna County, Pennsylvania on or about November 30, 2012. (Doc. 1, Ex. A.) In its Complaint, MCF alleges bad faith and breach of contract by Seneca in the payment of a claim under a commercial property policy. (*Id*. ¶¶ 1–32.)

On December 18, 2012, Seneca removed the action to this Court. (Doc. 1.) Seneca alleges that this Court's basis for jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1). (*Id*. ¶ 8.) In the Notice of Removal, Seneca avers that MCF "is a Limited Liability partnership which, according to the Pennsylvania Department of State, is a citizen of the Commonwealth of Pennsylvania with its principal place of business in Pennsylvania whose general partner is MCF, Inc., a Pennsylvania corporation with its principal place of business ins Pennsylvania." (*Id*. ¶ 7.)

## II. Discussion

Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

In this case, Seneca's Notice of Removal fails to demonstrate the requirements of federal subject matter jurisdiction because it insufficiently alleges the citizenship of MCF, a limited liability partnership. Unincorporated associations, such as partnerships, are not considered "citizens" of a state as that term is defined in the diversity statute. *See Zambelli Fireworks Mfg. Co. v. Wood,* 592 F.3d 412, 419 (3d Cir.2010); *Swiger v. Allegheny Energy, Inc.,* 540 F.3d 179, 182 (3d Cir.2008) (*"Swiger III").* "Given that partnerships are not citizens for diversity purposes, the Supreme Court has long applied the rule of *Chapman v. Barney:* that courts are to look to the citizenship of all the partners (or members of the unincorporated associations) to determine whether the federal district court has diversity

2

jurisdiction." *Swiger III,* 540 F.3d at 182 (citing *Chapman v. Barnery,* 129 U.S. 677, 682, (1889)). Thus, in the context of partnerships, the complete diversity requirement demands that all partners be diverse from all parties on the opposing side. *Swiger III,* 540 F.3d at 183 (citing *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 84 n. 1, 126 S.Ct. 606, 163 L.Ed.2d 415 (2006)).

Here, the Notice of Removal only includes facts about MCF's general partner, MCF, Inc. (Doc. 1, ¶ 7.) To properly plead MCF's citizenship, Seneca must allege the identities and citizenship of all of MCF's partners. Thus, this Court finds that the Notice of Removal has not properly demonstrated MCF's citizenship for purposes of diversity jurisdiction.

### III. Conclusion

Because Seneca has not alleged the identities and citizenship of all of MCF's partners, the Notice of Removal fails to adequately establish the diversity of the parties. As Seneca has not shown that complete diversity of citizenship exists between the parties, the Court cannot determine that subject matter jurisdiction exists and the matter is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(h)(3). However, because "removal is based on allegations of diversity jurisdiction and diversity jurisdiction appears to exist in light of other documents in the record, courts in this district have allowed defendants to amend a notice of removal to correct technical deficiencies in the notice's allegations regarding citizenship of a party." *Petroski v. Kmart Corp.*, No. 12-955, 2012 WL 1899706 (M.D. Pa. May 24, 2012) (internal citations omitted). As such, Seneca will be given twenty-one (21) days in which to file an amended notice of removal to properly allege the citizenship of MCF. Failure to do so will result in the dismissal of this action.

An appropriate order follows.

December 21, 2012                      /s/ A. Richard Caputo  
Date                                             A. Richard Caputo  
                                                          United States District Judge